IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MODESTA LOPEZ-SANTIAGO, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:13-CV-4268-D |
| VS. § | |
| § | |
| COCONUT THAI GRILL, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action alleging overtime wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, defendants move under Fed. R. Civ. P. 12(b)(1) to dismiss plaintiffs' enterprise liability theory and under Rule12(b)(6) to dismiss plaintiffs' individual coverage theory. The court must decide whether defendants' Rule 12(b)(1) motion is procedurally proper and whether plaintiffs have stated a claim on which relief can be granted for overtime compensation under an individual coverage theory. For the reasons that follow, the court concludes that the Rule 12(b)(1) motion is procedurally improper and that plaintiffs have failed to state a claim on which relief can be granted for overtime compensation under an individual coverage theory. It therefore denies the Rule 12(b)(1) motion and grants the Rule 12(b)(6) motion, but it also grants plaintiffs leave to replead.

I

This is an action by plaintiffs Modesta Lopez-Santiago ("Lopez"), Maria Martha Guerrero-Bonilla ("Guerrero"), Rey David Contreras-Barriga ("Contreras"), and all others similarly situated against defendants Coconut Thai Grill and Marayat Gary to recover under 29 U.S.C. § 207(a) for unpaid overtime wages.  They allege that they were employed by defendants—Lopez as a cook and dishwasher from December 2009 to October 2013, Guerrero as a cook and dishwasher from April 2010 to September 2011 and again from September 2012 to October 2013, and Contreras as a dishwasher beginning in August 2012 and continuing until at least the filing of this lawsuit—and worked in excess of 40 hours a week, but were not paid overtime.  Plaintiffs seek to hold defendants liable under theories of enterprise and individual coverage.

II

Before addressing the merits of defendants' motions, the court begins with an overview of the relevant statutory provision, 29 U.S.C. § 207(a).  To establish a claim for overtime compensation under the FLSA, plaintiffs must prove that they were "employees engaged 'in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')."  *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)).  The FLSA defines the operative language as to *enterprise* coverage, but it does not define it as to *individual* coverage.  *See, e.g., Mendoza v. Detail Solutions, LLC*, 911

F.Supp.2d 433, 439 (N.D. Tex. 2012) (Fish, J.).[1]  For purposes of establishing *enterprise* coverage, the FLSA defines "enterprise engaged in commerce or in the production of goods for commerce" as one that

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1) (emphasis added).  For purposes of establishing *individual* coverage, the FLSA does not define what it means for an employee to be "engaged in commerce."  But the Fifth Circuit has adopted a "practical test," which asks "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)) (internal quotation marks omitted).  "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Martin*, 955 F.2d at 1032.

Plaintiffs allege a claim for overtime wage violations under § 207(a), and they attempted to plead both enterprise and individual coverage.  Defendants' Rule 12(b)(1)

---

[1]The term "enterprise" is separately defined, *see* 29 U.S.C. § 203(r)(1), but that definition is not at issue here.

motion challenges the *enterprise* coverage theory, and their Rule 12(b)(6) motion challenges the *individual* coverage theory.  Plaintiffs oppose both motions.

III

The court turns first to defendants' Rule 12(b)(1) motion to dismiss.

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

Defendants move under Rule 12(b)(1) to dismiss plaintiffs' overtime wage claim to the extent it is predicated on enterprise coverage.  They argue that, in order to establish such coverage, plaintiffs must show, *inter alia*, that defendants' annual gross volume of sales made or business done exceeds $500,000.  Defendants contend that plaintiffs cannot make this showing because they have presented evidence—income tax returns for years 2009-2011 and sales tax receipts for 2012-2013—that conclusively establishes that defendants' gross volume of sales made or business done was less than $500,000 for each year during the relevant period.  Plaintiffs respond that the court has subject matter jurisdiction because they have asserted a claim under the FLSA and such a claim is sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331.

- 4 -

B

The dispositive question is whether the requirement that an enterprise have at least $500,000 of annual gross sales volume or business done is a jurisdictional prerequisite or merely an element of plaintiffs' claim.  If it is the former, defendants' Rule 12(b)(1) motion is procedurally proper, but if the latter, the motion is procedurally improper.

The underlying premise of defendants' argument is that whether the requirement is jurisdictional turns on whether their Rule 12(b)(1) motion is a factual or facial attack on subject matter jurisdiction.[2]  The court disagrees.  Whether a requirement such as 29 U.S.C. § 203(s)(1) is a jurisdictional prerequisite does not turn on whether defendants' challenge is factual or facial—it turns on whether Congress has clearly indicated that the statutory limitation is jurisdictional.  The Supreme Court applied this principle in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), holding that the employee-numerosity requirement of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), is an element of the plaintiff's claim, not a jurisdictional prerequisite.  *Arbaugh*, 546 U.S. at 516 ("[W]e hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue.").  The Court followed a "readily administrable" bright-line

---

[2]A facial attack is one where the defendant accepts as true the allegations of the complaint but challenges their legal sufficiency, whereas a factual attack is one where the defendant introduces evidence challenging the allegations factually.  When a proper factual Rule 12(b)(1) challenge is made, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction.  *See, e.g., Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (discussing distinction between factual and facial attack on jurisdiction).

rule about Congressional intent:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue.  But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* at 515-16 (citation and footnote omitted).

Defendants have cited no authority, and the court has found none, holding that the $500,000 gross sales volume or business done limitation of 29 U.S.C. § 203(s)(1)(A)(ii) is jurisdictional.  To the contrary, courts have uniformly held that the statutory limitation is merely an element of the plaintiff's claim, not a jurisdictional prerequisite.  *See, e.g., Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007); *Malloy v. Ass'n of State & Territorial Solid Waste Mgmt. Officials*, 955 F.Supp.2d 50, 53-54 (D.D.C. 2013); *Hernandez v. Art Deco Supermarket*, 2013 WL 5532828, at *2-3 (S.D. Fla. Oct. 4, 2013); *Brown v. Peaches & Pears Social Club, Inc.*, 2011 WL 6153630, at *2-3 (E.D. Ark. Dec. 12, 2011); *Branham v. Halsted Home Rental, LLC*, 2008 WL 1745825, at *2 (W.D. Okla. Apr. 11, 2008); *see also Turcios v. Delicias Hispanas Corp.*, 275 Fed. Appx. 879, 882-83 (11th Cir. 2008) (per curiam) (assuming *arguendo* that enterprise coverage is jurisdictional but holding that it is so intertwined with merits of claim that district court erred when applying Rule 12(b)(1) standard).  This trend in the case law is well-founded because "the FLSA provisions addressing enterprise coverage contain no language suggesting that the limitation on coverage is jurisdictional."  *Malloy*, 955 F.Supp.2d at 53-54 (citing 29 U.S.C. §§

203(s)(1)(A); 207(a)(1)).  And under *Arbaugh*'s bright-line rule, in the absence of such language, the court must treat enterprise coverage as an element of plaintiffs' claim rather than a jurisdictional prerequisite.  *See id.*

Accordingly, the court concludes that the minimum gross sales volume or business done requirement of § 203(s)(1)(A)(ii) is an element of plaintiffs' FLSA claim and not a jurisdictional prerequisite.[3]  Defendants' Rule 12(b)(1) motion is denied as procedurally improper.[4]

---

[3]Because the court concludes that defendants' Rule 12(b)(1) motion is procedurally improper, it is not considering defendants' evidence.  Defendants will have the opportunity to present such evidence at a later stage in this litigation—for example, by motion for summary judgment.

[4]District courts can in their discretion treat a Rule 12(b)(1) motion as a Rule 12(b)(6) motion and analyze it under the Rule 12(b)(6) standard.  *See, e.g., Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992) ("If a defendant's Rule 12(b)(1) motion is an indirect attack on the merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted."). But there has been no discovery, and plaintiffs have not had an opportunity to present evidence regarding defendants' financial status.  And if the court were to convert defendants' motion to a Rule 56 motion, it could mean that defendants would not have another opportunity to move for summary judgment.  *See* N.D. Tex. Civ. R. 56.2(b) ("Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment.").  Although the court considers defendants' Rule 12(b)(6) motion as to plaintiffs' individual coverage theory, *see infra* § IV, it does not consider plaintiffs' enterprise coverage theory under Rule 12(b)(6).

- 7 -

IV

The court now considers defendants' Rule 12(b)(6) motion to dismiss.

A

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiffs' . . . complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). To survive defendants' motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

- 8 -

Defendants move under Rule 12(b)(6) to dismiss plaintiffs' overtime wage claim to the extent it is predicated on individual coverage.  They argue that plaintiffs' allegations are too vague and conclusory to establish such coverage.  Plaintiffs respond that they have sufficiently pleaded individual coverage.

B

The court concludes that the complaint does not sufficiently allege facts demonstrating individual coverage.  Plaintiffs allege, in pertinent part:

> Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same.  The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the [FLSA] applies to Plaintiffs' work for the Defendants.

Compl. ¶ 12 (alteration added).  The complaint also asserts that Lopez worked as a cook and dishwasher, that Guerrero worked as a cook and dishwasher, and that Contreras worked as a dishwasher.  None of these allegations pleads factual content that is sufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Rather than plead specific facts that establish individual coverage, plaintiffs merely recite the statutory elements of individual coverage and rely on conclusory allegations and plaintiffs' job titles.  Like the complaint in *Morrow v. J W Electric, Inc.*, 2011 WL 5599051 (N.D. Tex. Nov. 16, 2011) (Fitzwater, C.J.), the allegations describe plaintiffs' work, but they do not show how the work engages plaintiffs in interstate commerce.  *See id.* at *3; *see also Martinez v.*

- 9 -

*Palace*, 414 Fed. Appx. 243, 246 (11th Cir. 2011) (per curiam) ("Given that the cook in *McLeod* [*v. Threlkeld*, 319 U.S. 491 (1943)], whose work was tangentially related to an instrumentality of interstate commerce (the railroads), was not 'engaged in commerce,' it is difficult to see how . . . a cook in a public restaurant, could qualify for this particular type of FLSA coverage.");[5] *Duran v. Wong*, 2012 WL 5351220, at *2-3 (S.D. Tex. Oct. 23, 2012) (holding that dishwasher's use of goods that had traveled in interstate commerce was insufficient to establish individual coverage); *Alvarez v. 40 Mulberry Rest., Inc.*, 2012 WL 4639154, at *2 n.2 (S.D.N.Y. Oct. 3, 2012) ("Defendants are correct that a dishwasher is not inherently 'engaged in commerce' under the FLSA, as numerous cases within this circuit involving analogous positions at local eateries have held."); *Lopez v. Top Chef Inv., Inc.*, 2007 WL 4247646, at *2 (S.D. Fla. Nov. 30, 2007) ("The mere fact that the food may have passed in interstate commerce prior to arriving at the restaurant does not mean that the Plaintiff was engaged in commerce for individual coverage.").[6]   Although plaintiffs'

---

[5]Some courts broadly read *McLeod* to mean that cooks can *never* satisfy the individual coverage element. *See Dean v. Pac. Bellwether, LLC*, ___ F.Supp.2d ___, 2014 WL 539849, at *3 (D. N. Mar. I. Feb. 6, 2014) ("A cook—possessing the duties of cooking and caretaking—does not meet the commerce requirement.").  In granting defendants' Rule 12(b)(6) motion, the court is not suggesting that cooks or dishwashers are unable categorically to establish individual coverage.

[6]Although the court has cited several cases that were decided on summary judgment motion, this procedural difference does not undermine the relevant principle that, even taken as true, the allegation that plaintiffs worked as cooks or dishwashers does not plead factual content that allows the court to draw the reasonable inference that they engaged in interstate commerce and that defendants are liable under an individual coverage theory. *See, e.g., Reagor v. Okmulgee Cnty. Family Res. Ctr.*, 501 Fed. Appx. 805, 810 (10th Cir. 2012) ("Because [the plaintiff] has failed to plausibly suggest that she engaged in interstate

complaint alleges that goods or materials used by plaintiffs or supplied to them moved through interstate commerce, the allegations are conclusory and lack sufficient factual specificity.  Plaintiffs' allegation that their work was actually in or so closely related to interstate commerce is similarly flawed.  In sum, plaintiffs have failed to allege facts that would enable the court to draw the reasonable inference that they were not merely engaged in purely local activity.

V

Although the court is dismissing plaintiffs' overtime wage claim to the extent it is predicated on individual coverage, it will permit them to replead.  *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (citation and internal quotation marks omitted)).  Because plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the court has identified, the court grants them 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

---

commerce, we cannot draw a reasonable inference that [the defendant] is liable for overtime pay under the FLSA.").

*   *   *

For the reasons explained, defendants' partial motion to dismiss for lack of subject matter jurisdiction is denied, their partial motion to dismiss for failure to state a claim upon which relief can be granted is granted, and plaintiffs are granted leave to replead.

**SO ORDERED.**

March 4, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE

- 12 -