IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MODESTA LOPEZ-SANTIAGO, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:13-CV-4268-D |
| VS. § | |
| § | |
| COCONUT THAI GRILL, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiffs Modesta Lopez-Santiago, Maria Martha Guerrero-Bonilla, Rey David Contreras-Barriga, and all others similarly situated to recover from defendants Coconut Thai Grill and Marayat Gary ("Gary") under the Fair Labor Standards Act for unpaid overtime wages, plaintiffs move to extend the discovery deadline, defendants move for summary judgment, and plaintiffs move for an extension of time to respond to defendants' summary judgment motion. For the reasons that follow, the court grants plaintiffs' motion for an extension of time to respond to defendants' summary judgment motion, denies without prejudice as moot plaintiffs' motion to extend the discovery deadline, and defers consideration of defendants' summary judgment motion so that plaintiffs can complete discovery and respond to defendants' motion.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Plaintiffs sue defendants to recover unpaid overtime. When they filed suit, they sought to recover under an individual coverage theory and an enterprise coverage theory. In a March 4, 2014 memorandum opinion and order, the court declined to dismiss plaintiffs' enterprise coverage theory under Fed. R. Civ. P. 12(b)(1), but it dismissed plaintiffs' individual coverage theory under Rule 12(b)(6). *Lopez-Santiago v. Coconut Thai Grill*, 2014 WL 840052, at *3, 4 (N.D. Tex. Mar. 4, 2014) (Fitzwater, C.J.) ("*Lopez I*"). Plaintiffs then filed an April 2, 2014 notice of their intent to proceed on their enterprise coverage theory only. As the court explained in *Lopez I*,

> [f]or purposes of establishing *enterprise* coverage, the FLSA defines "enterprise engaged in commerce or in the production of goods for commerce" as one that
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

*Id.* at *1-2 (emphasis added) (quoting 29 U.S.C. § 203(s)(1)).

On November 28, 2014 plaintiffs filed a motion to extend the discovery deadline; on December 29, 2014 defendants filed a motion for summary judgment; and on January 19, 2015 plaintiffs filed a motion for an extension of time to respond to defendants' summary judgment motion. Defendants move for summary judgment on the ground that plaintiffs

cannot establish liability under an enterprise coverage theory. Defendants maintain that plaintiffs cannot prove that defendants met the $500,000 threshold—i.e., that defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)—for any of years 2009-2013. Plaintiffs move for additional time to conduct discovery so that they can produce evidence that is sufficient to satisfy the $500,000 threshold necessary for their enterprise coverage theory. They separately move to extend the discovery deadline.

II

Because the court's decision on plaintiffs' motion for an extension of time to respond to defendants' summary judgment motion is dispositive of plaintiffs' motion to extend the discovery deadline, the court turns to that motion.

A

"[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus Int'l Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.) (referring to former Rule 56(f)). Under Rule 56(d), the court can "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d). Rule 56(d) functions as

a "safe harbor" that has been "built into the rules so that summary judgment is not granted prematurely." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to Rule 56(f)). It is "usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Id.* Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery. The two concepts are distinct. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1985)) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56 does not require that discovery take place before granting summary judgment").

"[Rule 56(d)] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Nevertheless, to warrant a continuance for purposes of obtaining discovery, "a party must indicate to the court by some statement . . . why [it] needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)) (internal quotation marks omitted). It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *See Washington*, 901 F.2d at 1284-85. The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id.* at 1286 (quoting

*Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)) (internal quotation marks omitted). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (in part quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991)) (internal quotation marks omitted).

B

According to plaintiffs' motion, which is supported by the affidavit of one of their attorneys, although plaintiffs have taken defendants' depositions, due to difficulties scheduling and locating a Thai translator for the deposition of defendant Gary, the depositions did not occur until late in the discovery period, and the deposition of the representative of defendant Coconut Thai Grill did not take place until December 1, 2014, the final day of the original discovery period; in response to questions at her deposition, Gary indicated that many questions would need to be answered by her accountants; during defendants' depositions, additional witnesses were identified who plaintiffs believe have knowledge of defendants' annual gross receipts or business done, particularly regarding defendants' accounting and record-keeping procedures related to tips and cash receipts during the relevant time-period; during their depositions, defendants identified previously undisclosed accountants who have knowledge regarding the documents that defendants have submitted as evidence in support of their summary judgment motion; and regarding the issue on which defendants' summary judgment motion is based, plaintiffs need the depositions of

Lika Santipracha, Supreecha Chitrathorn (previously identified as Poom Chitrathorn), Trinh Nguyen, and Niti Rataphan because of their knowledge of cash handling and tip reporting procedures, and of defendants' three accountants: Kim Wu, Sirinporn Saeung, and W. Bee Moorman.

Defendants oppose plaintiffs' motion on the grounds that plaintiffs have not been diligent in pursuing discovery and that they have long been on notice (since defendants filed their partial motion to dismiss for lack of subject matter jurisdiction on December 3, 2013) that the $500,000 sales and receipts threshold is a critical issue in this case and that defendants contend they do not qualify as an enterprise due to the fact their annual gross volume of sales made or business done was less than $500,000 for each of the years in question.  But viewing plaintiffs' motion favorably and with the liberality that the law requires, the court concludes under the circumstances of this case that plaintiffs should be given additional time to conduct discovery and respond to defendants' motion.  To depose Gary, it was necessary to arrange for a Thai interpreter.  The scheduling of Gary's deposition adversely impacted the taking of Coconut Thai Grill's deposition.  Morever, it is plausible that plaintiffs could not have obtained material information about cash handling and tip reporting procedures (including the handling of "family" bills) until they deposed defendants. And prior to the expiration of the original discovery deadline, and before defendants filed the instant motion for summary judgment, plaintiffs sought additional time to pursue discovery, citing difficulties encountered in locating a Thai translator necessary for the deposition of Gary, and asserting that this, in part, would impact their ability to identify additional facts

and witnesses until late in the discovery period.

The court therefore grants plaintiffs' motion for an extension of time to respond to defendants' summary judgment motion.

C

Given the number of witnesses involved, the court extends the discovery deadline through April 13, 2015. Plaintiffs must complete all necessary discovery during this extended discovery period, and they must file their response to defendants' summary judgment motion no later than May 4, 2015.[2]

III

Because the court is granting plaintiffs' motion for an extension of time to respond to defendants' summary judgment motion, and because plaintiffs' motion to extend the discovery deadline requests relief that is encompassed within that which the court is already granting, the court denies plaintiffs' motion to extend the discovery deadline without prejudice as moot.

**SO ORDERED**.

February 11, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2] If it becomes necessary to reset the trial due to the deadlines imposed, the court will do so separately on a party's motion or on its own initiative.

- 7 -