IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MODESTA LOPEZ-SANTIAGO, ET AL., | § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:13-cv-4268-D |
| COCONUT THAI GRILL, ET AL., | § § | |
| Defendants. | § § | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Modesta Lopez-Santiago, Maria Martha Guerrero-Bonilla, and Rey David Contreras-Barriga have filed an Objection to Defendants' Bill of Costs, *see* Dkt. No. 53, which United States District Judge Sidney A. Fitzwater has referred to the undersigned United States magistrate judge for determination, *see* Dkt. No. 54; *see generally Shepherd v. Dallas Cty., Tex.*, No. 3:05-cv-1442-D, 2010 W 2573346, at *4 (N.D. Tex. June 24, 2010).

Defendants Coconut Thai Grill and Marayat Gary filed a response, *see* Dkt. No. 55, and Plaintiffs filed a reply, *see* Dkt. No. 56.

For the reasons explained below, the Court GRANTS Plaintiffs' Objections to Defendants' Bill of Costs [Dkt. No. 53].[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

**Background**

On September 1, 2015, the Court granted Defendants' Motion for Summary Judgment [Dkt. No. 50] and entered Judgment [Dkt. No. 51], which assessed taxable costs of court against Plaintiffs.

On September 3, 2015, Defendants filed their Bill of Costs [Dkt. No. 52], requesting taxable costs in the amount of $6,087.97. That amount includes $1,095.47 for deposition transcripts and $4,987.40 for photocopies. Plaintiffs challenge the deposition and copy costs on the basis that Defendants failed to prove that they were necessarily obtained for use in the case.

**Legal Standards and Analysis**

Taxable costs are recoverable under 28 U.S.C. § 1920. Section 1920(2) authorizes recovery of costs "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Section 1920(4) authorizes recovery of "costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Id.* § 1920(4). The party seeking recovery of costs bears the "burden of justifying the necessity of obtaining the depositions and copies at issue." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991).

Plaintiffs contend that there is insufficient evidence to show that either the copy expenses or the deposition costs were necessary. Defendants' Bill of Costs includes a summary of photocopy, copy, and deposition costs by month and redacted monthly invoices showing the amounts billed by Defendants' attorneys for photocopy expenses, copy expenses, and one charge for the court reporter's record dated April 13, 2015. *See*

Dkt. No. 52 at 3-49. Neither the summary nor the invoices describe the photocopy expenses incurred or what transcripts Defendants requested. Nor do they describe what was copied, how many pages were copied, or the per-page cost of the copies.

Defendants filed a response opposing Plaintiff's objections to the bill of costs. *See* Dkt. No. 55. They also filed with their response additional documents to supplement their bill of costs. *See* Dkt. No. 55-1. Those documents include a copy of the Agreement of Representation between Defendants and Goldstein & Scopellite, P.C.; one invoice from an outside vendor for copies of documents in response to a request for production; and invoices for certified copies of seven depositions. In their reply, Plaintiffs object to Defendants' attempt to supplement the bill of costs because it is untimely and made without leave of court. *See* Dkt. No. 56; *Kretchmer v. Eveden, Inc.*, No. 3:07-cv-1068-D, 2009 WL 1939036, at *2 (N.D. Tex. July 2, 2009).

Northern District of Texas Local Civil Rule 54.1 requires a party awarded costs by final judgment to file a bill of costs with the clerk within 14 days after the clerk enters the judgment on the docket. *See* N.D. TEX CIV. R. 54.1. The bill of costs must be in a form approved by the clerk, and the clerk's approved form states: "*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories." *See id.*; Dkt. No. 52 at 1. Federal Rule of Civil Procedure 6(b)(1) permits the Court to extend the time for Defendants to supplement the bill of costs. *See* FED. R. CIV. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."). But Defendants have not filed

a motion to supplement the bill of costs or shown good cause for their failure to file the additional evidence timely. Accordingly, the Court grants Plaintiffs' objection to Defendants' supplemental evidence attached to the response.

Turning to the requested $4,987.40 in costs for photocopies to which Plaintiffs object, while many of the photocopies may have been necessarily incurred for use in trial, without an itemization the Court cannot discern which copies were necessary and which were not. *See Byers v. Dallas Morning News*, No. 3-97-cv-1159, 2000 WL 1842415, at *2 (N.D. Tex. Dec. 3, 2000); *Datapoint Corp. v. Picturetel Corp.,* No. 3:93-cv-2381-D, 1998 WL 401630, at *5 (N.D. Tex. July 9, 1998). Although it is not necessary for "a prevailing party to identify every xerox copy made for use in the course of legal proceedings, [a court will] require some demonstration that reproduction costs necessarily result from that litigation." *Fogleman*, 920 F.2d at 286; *see also Kellogg Brown & Root Intern., Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, Civil Action No. H-07-2684, 2009 WL 1457632, at *6 (S.D. Tex. May 26, 2009) ("Although an item-by-item description is not required, some information of the types or categories of documents copied and the reason for the copies must be furnished.").

Defendants did not submit an affidavit in support of their bill of costs; instead, Defendants' attorney signed the declaration on the clerk's approved form stating that the costs were necessarily incurred in this action. *See* Dkt. No. 52 at 1. But that conclusory assertion alone is not enough, and, without more, the Court cannot determine whether the copies were necessarily obtained for use in the present litigation. *See Kellogg Brown & Root*, 2009 WL 1457632, at *6. And, even if the Court

considered the Agreement of Representation between Defendants and Goldstein & Scopellite, P.C. and the invoice from an outside vendor for copies of documents in response to a request for production, Defendants have not made the required showing that the expenses claimed are for copies "necessarily obtained for use in litigation and not "obtained simply for the convenience of counsel." *Fogleman*, 920 F.2d at 286. Even assuming that Section 1920(4) covers the costs of copying information for production in discovery, Defendants have not sufficiently explained or itemized the in-house or outsourced copies to allow the Court to determine whether they were necessarily obtained for use in this litigation. And, even insofar as Defendants have provided their copy rates, they have not provided the number of documents copied or provided a sufficient description of what was copied or why. *See Kellogg Brown & Root*, 2009 WL 1457632, at *6.

Likewise, as to the $1,095.47 in costs for deposition transcripts to which Plaintiffs object, neither the summary nor the invoice identify which deposition transcripts Defendants requested. The invoice reflects only an expense on April 13, 2015 of $1,095.47 for "Court Reporter's Record." Dkt. No. 52 at 42.

Additionally, Plaintiffs argue that Defendants did not take any depositions in this case. Defendants filed their motion for summary judgment on December 29, 2014, *see* Dkt. No. 29, four months before the charge for the deposition transcripts reflected in the bill of costs. Subsequently, Defendants attempted to file deposition excerpts to supplement their summary judgment evidence, but the Court denied Defendants' motion for leave to file an additional appendix in support of their motion for summary

judgment. *See* Dkt. No. 42; Dkt. No. 50 at 3 n.2. Plaintiffs therefore argue that the deposition transcripts taken after December 29, 2014 were used by Plaintiffs to prove Plaintiffs' case but not by Defendants to prove Defendants' case because the Court disallowed Defendants' use of the deposition transcripts in the summary judgment proceeding. *See Datapoint Corp.*, 1998 WL 401630, at *3.

The cost of a deposition is taxable if the court finds that "all or any part [of the deposition] was necessarily obtained for use in the case." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, inc.*, 729 F.2d 1530, 1532 (5th Cir. 1984). And a deposition need not be introduced into evidence for it to be considered necessary for a case, and so, "as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stearns Airport Equip. Co., Inc. v. FMC Corp.,* 170 F.3d 518, 536 (5th Cir. 1999); *see also Allstate Ins. Co. v. Plambeck*, 66 F. Supp.3d 782, 787 (N.D. Tex. 2014).

In their Bill of Costs, Defendants do not identify the depositions for which they seek recovery of costs, and the conclusory assertion that the costs were necessary is not enough. *See Kellogg Brown & Root*, 2009 WL 1457632, at *6. Plaintiffs' objections show that they incurred deposition costs a few weeks before filing their response to Defendants' motion for summary judgment, and the Court declined to consider those documents in the summary judgment proceeding when Defendants attempted to include excerpts with their reply. Under all of these circumstances, the Court concludes that Defendants have not met their burden to show that the deposition costs were necessarily incurred.

Accordingly, for all of these reasons, the Court concludes that Defendants' requests for $1,095.47 for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and $4,987.50 for "fees and disbursements for printing" should be denied.

## Conclusion

Plaintiffs Modesta Lopez-Santiago, Maria Martha Guerrero-Bonilla, and Rey David Contreras-Barriga's Objections to Defendants' Bill of Costs [Dkt. No. 53] is GRANTED, and the Clerk of the Court shall tax the bill of costs [Dkt. No. 52] in the amount of $5.00 for docket fees [*see id.* at 1] for payment by Plaintiffs Modesta Lopez-Santiago, Maria Martha Guerrero-Bonilla, and Rey David Contreras-Barriga to Defendants Coconut Thai Grill and Marayat Gary.

SO ORDERED.

DATED: November 18, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE